**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOSE LOPEZ GARCIA,

    Petitioner,

vs.

STATE OF NEVADA, *et al.*,

    Respondents.

3:10-cv-00140-LRH-RAM

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 11).

**I. Procedural History**

    On June 18, 1998, petitioner was convicted, by jury trial, of two counts of lewdness with a minor under the age of sixteen, two counts of lewdness with a minor under the age of fourteen, and one count of child abuse and neglect. (Exhibit 6).[1] Petitioner was sentenced to two consecutive 20-year terms in prison, plus two terms of 48-120 months, to be served concurrently with the second 20-year term. (Exhibit 6). Petitioner was also sentenced to 12 months in the Clark County Detention Center, to be served concurrently with the second 20-year prison term. (*Id.*). The judgment of conviction was entered on August 24, 1998. (*Id.*). Petitioner appealed. (Exhibit 5). On December 27, 1999, the Nevada Supreme Court entered an order of affirmance. (Exhibit 7). Remittitur was issued on January 25, 2000. (Exhibit 8).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 12 & 13.

On October 14, 2008, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 20). On January 5, 2009, the state district court denied the petition. (Exhibit 23). Petitioner appealed. (Exhibit 24). Petitioner's opening brief was filed on March 20, 2009. (Exhibit 26). On February 4, 2010, the Nevada Supreme Court entered an order affirming the denial of the petition. (Exhibit 27). Remittitur was issued on March 2, 2010. (Exhibit 28).

Petitioner dispatched his federal habeas petition to this Court on March 9, 2010. (ECF No. 6, at p. 1). Respondents have filed the instant motion to dismiss. (ECF No. 11). Petitioner filed a response to the motion. (ECF No. 17).

**II. Discussion**

**A. Federal Habeas Petition is Untimely**

Respondents argue that the petition is untimely, pursuant to 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1. Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of judgment."

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

3

1     In the instant case, the judgment of conviction was entered against petitioner on August 24,
2 1998. (Exhibit 6). The Nevada Supreme Court's order of affirmance on direct review was filed
3 December 27, 1999. (Exhibit 7). Petitioner had ninety days from that date, until March 26, 2000, to
4 seek *certiorari* with the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th
5 Cir. 1999). Petitioner's conviction became final on March 27, 2000, which is 90 days after the
6 Nevada Supreme Court filed its order of affirmance. The AEDPA one-year statute of limitations
7 began to run on March 27, 2000. Petitioner had until March 27, 2001, to file his federal habeas
8 petition, unless otherwise tolled by federal statute.

9     On October 14, 2008, petitioner filed a state habeas petition in state district court. (Exhibit
10 20). From March 27, 2000, until the date petitioner filed his habeas petition in state court on
11 October 14, 2008, over 8 years elapsed. Because petitioner had no properly filed application for
12 state post-conviction or other collateral review pending during this time period, the time is not
13 statutorily tolled. 28 U.S.C. § 2244(d)(2).

14     The state district court denied petitioner's habeas petition on January 5, 2009. (Exhibit 23).
15 Petitioner appealed the denial of his second state habeas petition. On February 4, 2010, the Nevada
16 Supreme Court affirmed the state district court's decision, ruling that the petition was untimely
17 pursuant to NRS 34.726. (Exhibit 27). Remittitur issued on March 2, 2010. (Exhibit 28).

18     A habeas petitioner's state post-conviction petition, which was rejected by the state court as
19 untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory
20 tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16
21 (2005). Because the Nevada Supreme Court held that petitioner's state habeas petition was untimely
22 pursuant to NRS 34.726, the petition was not a "properly filed application" that would toll the
23 statute of limitations under 28 U.S.C. § 2244(d)(2). Thus, the time period from October 14, 2008, to
24 February 4, 2010, while petitioner's state habeas petition was pending in state court, is not tolled
25 under 28 U.S.C. § 2244(d)(2). During the time period between October 14, 2008, and February 4,
26 2010, which was not tolled, over one year elapsed.

27

4

1      Petitioner signed and dispatched his federal habeas corpus petition on March 9, 2010. (ECF
2 No. 6, at p. 1).[2] The period from the February 4, 2010, to March 9, 2010, the earliest the federal
3 petition can be considered filed, is 32 days. This time period was not tolled by statute. 28 U.S.C. §
4 2244(d)(1). Over 9 years, which were not tolled by statute, elapsed before petitioner filed his federal
5 habeas petition. The federal petition is untimely under the one-year AEDPA statute of limitations.

    **B. Equitable Tolling**

        **1. Legal Standard for Equitable Tolling**

     The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

     Where professional misconduct is asserted, the Court recognized that "a garden variety claim of excusable neglect" . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 130 S.Ct. at 2564 (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). Although ordinary attorney negligence does not justify equitable tolling, egregious

---

    [2] Pursuant to the "mailbox rule," federal courts deem the filing date of a document in a federal action as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

misconduct by an attorney may constitute "extraordinary circumstances" warranting equitable tolling. *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (allowing equitable tolling where attorney was hired nearly one year in advance of filing deadline but completely failed to prepare and file a petition, while denying client of his files and failing to communicate with client), *cited with approval in Holland*, 130 S.Ct. at 2564.

### 2. Application to the Instant Case

In the instant case, petitioner asserts that he is entitled to equitable tolling based on his counsel's failure to inform him of the denial of his direct appeal, his counsel's failure to provide him with his case file, and delay in receipt of transcripts. Petitioner states that Jose C. Pallares, the attorney who represented him at trial and on direct appeal, never informed him that the Nevada Supreme Court denied his direct appeal. Petitioner claims that attorney Jose Pallares suffered from depression, anxiety, and alcoholism during the time he represented petitioner at trial and on direct appeal.[3]

Petitioner claims that on July 10, 2001, he learned of the denial of his direct appeal from attorney Gary E. Gowen. Petitioner attaches Mr. Gowen's letter as Exhibit 20 to his federal petition. In the letter, dated July 10, 2001, Mr. Gowen informed petitioner of the December 1999 denial of his direct appeal, and also informed petitioner of Nevada's one-year statute of limitations in which to file his post-conviction state habeas petition. (ECF No. 6, Exhibit 20).[4] Mr. Gowen enclosed with the letter a post-conviction state habeas petition form, and advised petitioner to file the petition and to state the reason that he had not filed his petition within the one-year limitations period at paragraph 19 of the form. (*Id.*).

---

[3] Petitioner references the March 25, 2005 Order of Suspension by the Nevada Supreme Court, In Re: Discipline of Jose C. Pallares, Esq. (ECF No. 6, Exhibit 14). The order concerns events that took place between December 2000 and March 2003. The order suspended Pallares from the practice of law for two years, beginning May 24, 2003. (*Id.*).

[4] In the letter, Mr. Gowen informed petitioner that his family has visited his office regarding petitioner's case, but apparently Mr. Gowen did not represent petitioner.

6

Petitioner asserts that he then wrote letters to attorney Jose Pallares requesting the return of his criminal file on the following dates: July 15, 2001, January 1, 2002, May 13, 2002, January 20, 2003, February 6, 2004, and November 1, 2004. (Opposition, ECF No. 17, at pp. 2-3; ECF No. 6, Exhibits 21-26). On December 10, 2004, petitioner filed a motion for trial transcripts. (Exhibit 9). On January 6, 2005, the state district court granted petitioner's motion for transcripts. (Exhibit 11).

In *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), which is cited by petitioner in his opposition, the petitioner had specifically retained counsel to file a federal habeas petition nearly one year before the AEDPA deadline. Despite numerous attempts to contact counsel to determine the status of his case, the attorney failed to file a federal petition two weeks prior to the AEDPA deadline. *Id.* Petitioner wrote to his counsel to terminate him and obtain a copy of his files. *Id.* The petitioner in *Spitsyn* did not receive his file until two months after the deadline passed and no federal habeas petition was filed. *Id.* The Court in *Spitzyn* emphasized that the performance of counsel retained to file a federal habeas petition was beyond mere negligence, since counsel had sufficient time but failed to file a petition and also retained the petitioner's file. *Id.* at 801.

In the instant case, petitioner's trial attorney, Jose C. Pallares, failed to inform him of the denial of his direct appeal. Petitioner has alleged that Mr. Pallares also failed to respond to his letters and failed to turn over his criminal file to him, after repeated written requests. The Court finds that the conduct of petitioner's attorney is sufficiently egregious to constitute an "extraordinary circumstance" to satisfy the first requirement of equitable tolling.

The second requirement – petitioner's diligence – is problematic in the instant case. While petitioner wrote letters to Mr. Pallares requesting his file, those letters were spaced out over an unusually long period of time. The first letter was sent on July 15, 2001, and the last letter was sent on November 1, 2004. Petitioner would send a letter, and then wait months, or up to one year, to send the next letter requesting his file. While the Court is not excusing Mr. Pallares' failure to respond to petitioner's letters and his failure to send petitioner his file, the lack of his file should not have prevented petitioner from filing his state habeas petition earlier. In his letter of July 10, 2001,

Mr. Gowen, an attorney, advised petitioner to file his state habeas petition and to include his reasons for its untimeliness, including the fact that he was not informed of the denial of his direct appeal until July 2001. (ECF No. 6, Exhibit 20). Petitioner has not indicated whether he was ever able to obtain his file from Pallares, yet he was able to file his state habeas petition in October 2008. Petitioner did not file his state habeas petition until October 14, 2008, over seven years after he became aware, on July 10, 2001, of the denial of his direct appeal. In his state petition, petitioner argued that the untimeliness of the petition should be excused because Pallares failed to inform him that his direct appeal was denied in December 1999 and failed to return his case file. Simply put, petitioner could have filed his state habeas petition seven years earlier than he did.

Upon the denial of his state habeas petition on February 4, 2010, petitioner was quick to file his federal petition in this Court on March 9, 2010. Nevertheless, this Court cannot overlook petitioner's lack of diligence in failing to file *any* habeas petition until over seven years after he learned of the denial of his direct appeal. Even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." *Spitsyn*, 345 F.3d at 798 (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000)). This Court finds that, although extraordinary circumstances did exist regarding petitioner's attorney's actions, petitioner did not diligently pursue his rights because he waited over seven years to file a habeas petition in state court, and over eight years to file a petition in federal court. Petitioner's lack of reasonable diligence breaks the link of causation between the extraordinary circumstance and petitioner's failure to file his state and federal petitions. As such, petitioner is not entitled to equitable tolling.

**C. Actual Innocence Claim Does Not Excuse Untimely Filing**

Petitioner argues that he is actually innocent, and that this Court should excuse the untimely filing of the federal habeas petition with application of the "actual innocence gateway" of *Schlup v. Delo*, 513 U.S. 298 (1995). Courts may reach the merits of a claim that has been procedurally

8

defaulted in state court if the petitioner's claim of actual innocence is sufficient to bring him within the "narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. at 315. However, neither the United States Supreme Court nor the Ninth Circuit has ruled that the "actual innocence gateway" of *Schlup v. Delo* can be used to override the AEDPA's one-year statute of limitation. *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002). This Court rejects petitioner's argument that actual innocence, even if proven, excuses compliance with the AEDPA statute of limitations. The federal habeas petition must be dismissed as untimely under the AEDPA statute of limitations.

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED IN ITS ENTIRETY**, as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 17th day of February, 2011.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE